Crane *v.* Ely.

JOHN M. CRANE et al.

*v.*

ENOCH A. ELY et al.

1. A foreclosure bill alleged that the defendant, owing complainants $5,000, caused or procured to be conveyed to them the land described in the bill as security for that debt; that they afterwards recovered a judgment at law against him for the same debt, and that defendant, or some one under him, has been in possession of the premises and received the profits ever since the conveyance, but subject to complainants' claim. The answer denies that defendant owed complainants $5,000 when the conveyance was made; or that he caused or procured the conveyance to be made to them; or that it is held by them, as security for any debt of his; or that he has, since the conveyance, had the possession or profits of the premises. It admits the recovery of the judgment, but insists that a certain set-off claimed by the defendant in the action at law ought then to have been allowed, and ought now to be allowed, and also insists that the proceeds of the sale of the premises should be applied to satisfy the balance due on the judgment after deducting the amount of the set-off.

2. A motion to suppress the answer because irresponsive, was denied, except as to the averments in regard to the set-off.

Bill to foreclose.   On motion to suppress answers &c. &c.

*Mr. H. C. Pitney, Jr.*, and *Mr. H. C. Pitney,* for the motion.

*Mr. S. M. Dickinson, contra.*

THE CHANCELLOR.

The bill is filed to foreclose a mortgage. It states that the defendant Enoch A. Ely, being indebted to the complainants in the sum of about $5,000, caused and procured to be conveyed to them the land described in the bill as security for the payment of the debt; that afterwards they recovered a judgment against him for that debt; that ever since the conveyance was made, he, or some one for him, has taken the rents, issues and profits of

the property, and that the defendant Feltman is now in possession under him, but holds subject to the claim of the complainants as mortgagees. Ely's first answer to the bill was suppressed. Motion is now made to suppress his second one, and for a decree *pro confesso* against him for want of an answer, or for a decree against him upon bill and answer, on the ground that the matters and things in the answer in question are irrelevant and immaterial, and disclose no equity in answer to the bill, nor anything which shows that the complainants are not entitled to the relief prayed for by the bill. The answer denies that Ely was indebted to the complainants in the sum of $5,000 when the conveyance was made, and that he caused or procured the land to be conveyed to them; or that it is held by them as security for any debt of-his; and it also denies that he has at any time since the conveyance, had possession of the property, or taken or had the rents, issues or profits thereof. It admits the recovery of the judgment, but insists that a certain claim of set-off made by Ely in the action, and which was rejected, ought to have been allowed, and ought now, in equity, to be allowed in this suit, in reduction of the amount of the judgment. It claims (and it must be presumed that the claim is based upon the admission of the bill that the land is held as security for the debt, since Ely denies that the land is held as such security) that Ely is entitled to have the proceeds of the sale of the land applied to the payment of the money which will be found due upon the judgment after allowing the set-off which was rejected in the action at law.

It will have been seen that the answer denies that Ely caused or procured the conveyance of the property to the complainants, or that it is or ever was held by them as security for any debt of his, or that, since the conveyance, he has ever had possession or any use of it. This is responsive to the bill. The bill called upon him to answer as to these matters, and he has done so.

If the complainants shall fail to establish the fact thus put in issue, and on which their bill rests, he will be entitled to a decree of dismissal, with costs. That part of the answer which claims the set-off must, for obvious reasons, be stricken out. If

such relief had been sought by cross-bill, it could not have been granted. The judgment is, under the circumstances, conclusive as to the amount of the debt. The answer must stand, so far as the denials before mentioned are concerned. The notice is sufficient to warrant the court in striking out any part of the answer which would be condemned upon exceptions. No costs of this motion will be awarded to either side.